Filed 7/11/13  P. v. Barajas CA6
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H037848 |
| Plaintiff and Respondent, | (Santa Clara County Super. Ct. No. C1082324) |
| v. | |
| ELISEO BARAJAS, | |
| Defendant and Appellant. | |

Defendant Eliseo Barajas was convicted of infliction of corporal injury on the mother of his children.  On appeal, defendant contends that the trial court's calculation of the restitution fine violated the prohibition against ex post facto laws, and he therefore requests that we reduce the restitution fine and the corresponding parole revocation fine.  As set forth below, we will modify the restitution and parole revocation fines and affirm the judgment as modified.

### FACTUAL AND PROCEDURAL HISTORY

On April 19, 2010, defendant argued with Antonia Contreras, the mother of his two children.  Defendant choked Ms. Contreras for 10 seconds.  Police officers arrived at the scene, and they saw red marks on Ms. Contreras's neck.

On July 14, 2011, defendant pleaded no contest to one count of infliction of corporal injury on the mother of his children (Pen. Code, § 273.5 subd. (a)).[1] Pursuant to the plea agreement, defendant was to be placed on probation. The plea agreement was conditioned on defendant's appearance in court for the sentencing hearing.

On September 7, 2011, defendant failed to appear for sentencing. The trial court issued a bench warrant.

Defendant appeared in court on November 18, 2011. The court informed defendant that the plea agreement was void due to his failure to appear for sentencing.

On January 13, 2012, the court sentenced defendant to two years in prison. After imposing the sentence, the court stated, "You'll pay a restitution fine of $720 under the formula as updated on January 1st under Penal Code section 1202.4(B)." The probation officer assigned to the case stated, "Your Honor, I'm sorry. I believe that's based on date of the offense." The court responded, "It's actually not. We've been around a couple times with it. It is on date of sentencing." The court thereafter imposed a restitution fine of $720. The court also imposed a $600 parole revocation fine pursuant to section 1202.45.

Defendant filed a notice of appeal on January 20, 2012. His timely appeal followed.

## DISCUSSION

Defendant argues that the trial court's calculation of the restitution fine based on the January 2012 version of section 1202.4 constituted a violation of the prohibition against ex post facto laws, and that the trial court was required to calculate the restitution fine based on the version of section 1202.4 in effect at the time he committed the charged offense. Defendant contends that application of the appropriate version of section 1202.4

---

[1] Subsequent unspecified statutory references are to the Penal Code.

2

would have resulted in a $400 restitution fine, and he accordingly requests that we reduce the restitution fine to $400 and reduce the corresponding parole revocation fine to $400. The People argue that defendant's claim is forfeited due to his failure to object to the restitution fine. The People concede that if defendant's claim is not found to be forfeited, the claim is meritorious. As explained below, we conclude that defendant did not forfeit his claim, and we therefore will reduce the restitution fine and the corresponding parole revocation fine.

"Ordinarily, a criminal defendant who does not challenge an assertedly erroneous ruling of the trial court in that court has forfeited his or her right to raise the claim on appeal." (*In re Sheena K.* (2007) 40 Cal.4th 875, 880; see *People v. Gamache* (2010) 48 Cal.4th 347, 409 [the defendant forfeited his claim regarding a section 1202.4 restitution fine because he failed to object at the sentencing hearing].) "However, neither forfeiture nor application of the forfeiture rule is automatic." (*People v. McCullough* (2013) 56 Cal.4th 589, 598.) "Reviewing courts have traditionally excused parties for failing to raise an issue at trial where an objection would have been futile . . . ." (*People v. Welch* (1993) 5 Cal.4th 228, 237.)

In the instant case, an objection to the trial court's calculation of the restitution fine would have been futile. The court stated that it calculated the restitution fine based on the formula in the January 2012 version of section 1202.4, subdivision (b). The probation officer informed the court that it should use the formula in the version of section 1202.4 in effect at the time defendant committed the charged offense. The court rejected the probation officer's contention, stating that it was required to apply the version of section 1202.4 in effect at the time of sentencing. Thus, because the trial court explicitly rejected the notion that it was required to apply the version of section 1202.4 in effect at the time defendant committed the charged offense, an ex post facto objection would have been futile. We therefore conclude that defendant's claim is not forfeited.

3

(See *In re Valerie A.* (2007) 152 Cal.App.4th 987, 1001 [claim was not forfeited due to failure to object where the court had previously issued a ruling contrary to the claim].)

At the sentencing hearing, the trial court expressed an intention to impose a restitution fine under the formula articulated in section 1202.4, subdivision (b). The People concede that the trial court should have applied the formula in the version of section 1202.4 in effect at the time defendant committed the charged offense, and that modification of the restitution fine in accordance with that formula is appropriate. The version of section 1202.4, subdivision (b)(2) in effect at the time defendant committed the charged offense stated: "In setting a felony restitution fine, the court may determine the amount of the fine as the product of two hundred dollars ($200) multiplied by the number of years of imprisonment the defendant is ordered to serve, multiplied by the number of felony counts of which the defendant is convicted." (Former § 1202.4, subd. (b)(2), as adopted by Stats. 2009, ch. 454, § 1, eff. Oct. 11, 2009 through Sept. 26, 2010].) Here, application of that formula to defendant's two-year prison sentence and single felony count results in a restitution fine of $400. We accordingly reduce the restitution fine to $400.[2]

The reduction of the restitution fine necessitates reduction of the corresponding parole revocation fine. Section 1202.45, subdivision (a) states: "In every case where a

_____

[2] Although the People concede that the restitution fine should be modified in accordance with the version of section 1202.4, subdivision (b) in effect at the time defendant committed the charged offense, they nonetheless contend that the restitution fine should be reduced to $600. The $600 figure appears to stem from a misunderstanding of defendant's argument and a misunderstanding of the facts. The People frame defendant's argument as follows: "He contends the restitution fine should be . . . $600, under the version of section 1202.4 in effect at the time he committed his crimes." As previously noted, defendant argues that the restitution fine should be reduced to $400, not $600. Moreover, contrary to the People's assertion, defendant committed only one crime, not multiple crimes. Because a mathematically-correct application of the appropriate version of section 1202.4, subdivision (b) to defendant's offense yields a restitution fine of $400, we reduce the restitution fine to $400, not $600.

4

person is convicted of a crime and his or her sentence includes a period of parole, the court shall, at the time of imposing the restitution fine pursuant to subdivision (b) of Section 1202.4, assess an additional parole revocation restitution fine in the same amount as that imposed pursuant to subdivision (b) of Section 1202.4." Under section 1202.45, a court "has *no* choice and *must* impose a parole revocation fine equal to the restitution fine." (*People v. Smith* (2001) 24 Cal.4th 849, 853, italics in original.) An "invalid parole revocation fine falls within the narrow class of sentencing errors exempt from the waiver rule." (*Ibid.*) Thus, because we reduce the restitution fine to $400, we must also reduce the parole revocation fine to $400.

### DISPOSITION

The judgment is modified to reduce the restitution fine from $720 to $400 and to reduce the parole revocation fine from $600 to $400. As so modified, the judgment is affirmed.

_____
RUSHING, P.J.

WE CONCUR:

_____
PREMO, J.

_____
ELIA, J.